UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Oleg Khutoretskiy<br>Debtor | Case Number 22-42697 |
| In re: Irina Khutoretskaya<br>Debtor | Chapter 7 |

Affirmation in Support of Motion for Relief from the Automatic Stay

Ted Eric May, Esq. an attorney with the law firm of Sheldon May & Associates, P.C. attorneys for JDRM LLC DBPP, SM, SKP & JD LLC (hereinafter "Secured Creditor") based upon the information provided by Secured Creditor affirms the foregoing under the penalties of perjury:

1. This Affirmation is made pursuant to Federal Bankruptcy Rule of Procedure Rule 4001 and 11 U.S.C. §362(d) in support of this application seeking the entry of an order modifying and terminating the automatic stay.

2. Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. §1334. This is a proceeding to terminate and annul the automatic stay and is a "Core Proceeding" within the meaning of 28 U.S.C. §157 (b) (2) (g).

3. The Debtor(s) Oleg Khutoretskiy, Irina Khutoretskaya filed a petition for relief under the Bankruptcy Code on October 28, 2022. By virtue of the automatic stay provisions of the Bankruptcy code §362, the filing of the Petition by the Debtor operated, inter alia, as a stay of the continuation or commencement of any court proceeding to enforce any lien against the property of Debtor.

4. Irina Khutoretskaya for value received, executed and delivered a Note (See Exhibit "A") and Irina Khutoretskaya and Oleg Khutoretskiy executed a Mortgage in favor of the mortgagee to secure the repayment of loan as against the property commonly known as 115 Baden Place, Staten Island, New York 10306. (See Exhibit "B.")

5. By virtue of the foregoing, the Secured Creditor as the holder of said Note and Mortgage desires to commence and/or continue to foreclose said Mortgage in the Supreme Court of the State of New York.

6. A recent Appraisal/Broker's Price Opinion for the property known as 115 Baden Place, Staten Island, New York 10306 is attached hereto as Exhibit "C."

7. The amount due and owing under the mortgage as of November 30, 2022 is $581,233.48.

8.  As shown on the Declaration of the Secured Creditor and/or their agent mortgage arrearage has accumulated for the monthly installments of:

| Months | Amount of Payment | Total |
|---|---|---|
| 11/01/2017 – 09/01/2018 | $2,908.36 per month | $31,991.96 |
| 10/01/2018 – 09/01/2019 | $3,915.37 per month | $47,416.44 |
| 10/01/2019 – 09/01/2020 | $3,815.06 per month | $45,780.72 |
| 10/01/2020 – 09/01/2021 | $3,469.87 per month | $41,638.34 |
| 10/01/2021 – 09/01/2022 | $3,425.35 per month | $41,104.20 |
| 10/01/2022 – 11/01/022 | $3,771.12 per month | $7,542.24 |
| Total Amount Due | | $230,920.86 |

9.  By failing to make current mortgage payments pursuant to the terms and conditions of the note executed by Irina Khutoretskaya and mortgage executed Irina Khutoretskaya and Oleg Khutoretskiy, there is a default and non-compliance with the terms and conditions of the Note and Mortgage as well as the Bankruptcy Code.

10. Permitting Secured Creditor to offer and provide Debtors with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with Debtors without further order of the court;

11. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property…" As set forth above, "cause" exists to vacate the automatic stay as the Debtor(s) has/have failed to make monthly Post-Petition mortgage payments. Under Section 362(d)(1), failure to make Post-Petition mortgage payments constitutes "cause" to modify the automatic stay. See, In re Taylor, 151 B.R. 646 (E.D.N.Y.1993); In re Davis, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986); In re Franscatore, 33 B.R. 687 (B. Ct. E.D. Pa. 1983).

10. On account of the Debtor's Petition and the proceedings and communications had in connection therewith including, without limitation, the present motion Secured Creditor will incurred continue to incur additional costs for attorneys' fees and disbursements.

11. No prior application has been made for the relief requested herein.

12. JDRM LLC DBPP, SM, SKP & JD LLC has standing to bring this motion by virtue of the fact that the note was transferred by way of an allonge. (See Exhibit "A."). In re Mims, 438, B.R. 52, 56 (Bankr. S.D.N.Y. 2010). The Mortgage passes as an incident to the Note. Kluge v. Fugazy, 145 A.D.2d 537 (2d Dept. 1988) (citing cases); see also HSBC Bank USA, Nat. Ass'n v. Miller, 26

Misc.3d 407, 411-12 (N.Y. Sup. Ct., Sullivan County 2009); See also In re Escobar, Nos. 11-71114-ast, 11-71135-ast, 2011 WL 3667550, at *9 (Bankr. E.D.N.Y. Aug. 22, 2011) (Trust,J).

**WHEREFORE**, Secured Creditor prays for the entry or an Order modifying the automatic stay as to Secured Creditor, to allow the resumption of mortgage foreclosure proceedings with respect to the subject property.

Dated: December 13, 2022
       Rockville Centre, New York

Respectfully submitted
Sheldon May & Associates, P.C.

/S/Ted Eric May, Esq.
By: Ted Eric May (3313)
255 Merrick Road
Rockville Centre, New York 11570